IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OCTAVIA THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv318 |
| 124TH DISTRICT COURT | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Octavia Thomas, a former inmate confined at the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For reasons explained below, the Court recommends that this lawsuit be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court and to prosecute her lawsuit.

As an initial matter, this lawsuit is **REOPENED** for all purposes. On August 20, 2020, the Court granted Plaintiff's own motion to administratively close the lawsuit, as a result of Plaintiff's pending prosecution, (Dkt. #8), and administratively closed the case. The order directed Plaintiff to provide the Court with status updates concerning the progress of her criminal case every 90 days, and the order provided that the failure to do so may result in the dismissal of the lawsuit. Plaintiff has not contacted the Court since October 2020. She has not provided a single status update regarding her criminal case.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua*

1

*sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Thomas failed to contact the Court since October 2020 and wholly failed to provide this Court with status updates regarding her criminal case. The failure to do evinces both failure to comply with an order of the Court and failure to prosecute her own lawsuit. *See, e.g.*, *Callier v. Cain*, 2012 WL 2602958, at *1 n.1 (W.D. La. June 6, 2012) ("Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago.").

Plaintiff's failure to comply with an order of the Court and to prosecute this case are not actions that threaten the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court and to prosecute her case.

The Court further recommends that the statute of limitations be suspended for a period of 60 days from the date of final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 24th day of October, 2022.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE